**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000092
25-JAN-2021
07:55 AM
Dkt. 49 SO**

NO. CAAP-19-0000092

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
KAMALALAWALU DICKSON, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-18-00840)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Nakasone, JJ.)

Defendant-Appellant Kamalalawalu Dickson (**Dickson**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on January 17, 2019, in the District Court of the First Circuit, Honolulu Division (**District Court**).[1]

Dickson was convicted of Operating a vehicle after license and privilege have been suspended or revoked for operating a vehicle under the influence of an intoxicant (**OVLSR-OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-62(a)(1) and/or (a)(2) (Supp. 2019).[2]

---

[1] The Honorable Michael A. Marr presided.

[2] HRS § 291E-62 states in part:

**§291E-62 Operating a vehicle after license and privilege have been suspended or revoked for operating a vehicle under the influence of an intoxicant; penalties.** (a) No person whose license and privilege to operate a vehicle have been revoked, suspended, or otherwise restricted pursuant to this section or to part III or section 291E-61 or 291E-61.5, or to part VII or part XIV of chapter 286 or section 200-81, 291-4, 291-4.4, 291-4.5, or

(continued...)

On appeal, Dickson claims there was insufficient evidence to convict him because the State failed to adduce evidence that he had received notice from the Administrative Driver's License Revocation Office (**ADLRO**) affirming the revocation of his license.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we affirm.

When the evidence adduced at trial is considered in the light strongest for the prosecution, there was substantial evidence to convict Dickson of OVLSR-OVUII.  <u>State v. Matavale</u>, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007) (citations omitted).

Dickson contends the State failed to adduce evidence he had received notice from the ADLRO affirming the revocation of his license because it was sent to his attorney's address.  In essence, he claims the State failed to prove he acted with the requisite intent, *i.e.*, intentionally, knowingly, or recklessly.[3] HRS § 702-204 (2014).

Officer Dannan Smith (**Officer Smith**) testified regarding events that had previously occurred on October 13, 2016, when Officer Smith arrested Dickson for OVUII.  Officer Smith testified that after arresting Dickson, he read a four-page ADLRO form to Dickson and that Dickson signed the last page of the form.  Officer Smith testified that this form explained that it was a temporary permit, that if Dickson had a license, it

---

[2](...continued)
        291-7 as those provisions were in effect on December 31,
        2001, shall operate or assume actual physical control of any
        vehicle:

            (1)    In violation of any restrictions placed on the
                   person's license;

            (2)    While the person's license or privilege to
                   operate a vehicle remains suspended or revoked.

    [3]  "A person acts recklessly with respect to his conduct when he consciously disregards a substantial and unjustifiable risk that the person's conduct is of the specified nature."  HRS § 702-206(3)(a) (2014).

would be forwarded to the administrative revocation office, that Dickson would need to contact the administrative revocation office to make arrangements with them after 30 days, that if he did not make arrangements or did not get a license or take care of the permit, it would be expired, and he would not be allowed to drive.  Officer Smith further testified that Dickson related his understanding that his license was being revoked.

With regard to the 2016 incident, the evidence further shows that on October 24, 2016, Dickson requested an administrative review hearing, and that on March 29, 2017, the ADLRO issued a Notice of Administrative Hearing Decision (**ADLRO Decision**), which revoked Dickson's license for three years, from November 13, 2016 to November 12, 2019.  See HRS § 291E-38(a) (Supp. 2019) (providing the opportunity to request an administrative hearing to review the director's decision to revoke license).  The ADLRO Decision shows, at minimum, that Dickson's counsel participated in an administrative revocation hearing on behalf of Dickson, and that the ADLRO Decision was mailed to Dickson's counsel.

Additionally, Officer Arthur Gazelle (**Officer Gazelle**) testified regarding Dickson's arrest on February 4, 2018, for the current charged offense of OVLSR-OVUII.  Officer Gazelle testified that upon stopping Dickson's vehicle, he requested to see Dickson's license, insurance, and registration.  Dickson provided a Hawaii state ID instead of his driver's license.

Given this record, and the standard of review in this appeal, there is sufficient evidence that Dickson consciously disregarded the substantial and unjustifiable risk that his license was revoked when he knew his license was being revoked in October 2016, his counsel challenged his license revocation and a hearing was held in the ADLRO, and subsequently, when Dickson was stopped on February 4, 2018, he provided Officer Gazelle with a Hawaii state ID instead of a driver's license.  See State v. Benitez, No. CAAP-17-0000143, 142 Hawaiʻi 370, 419 P.3d 1039, 2018 WL 2752359 at *2 (App. June 8, 2018) (SDO), cert. denied, 2018 WL 6583920 (Dec. 19, 2018) (concluding defendant consciously

disregarded the substantial and unjustifiable risk regarding the time period that her license was revoked after being notified that her license was revoked); State v. Mendez, No. CAAP-16-0000883, 143 Hawaiʻi 140, 425 P.3d 602, 2018 WL 4269891 at *2-3 (App. Sept. 7, 2018) (SDO), cert. denied, 2019 WL 181414 (Jan. 14, 2019) (concluding defendant disregarded the substantial and justifiable risk of driving while license was revoked when defendant drove with an expired temporary driver's permit and alleged that she had received no communication from ADLRO).

Dickson does not dispute that, on February 4, 2018, his license was actually revoked and that he did operate or assumed actual physical control of a vehicle on a public way, street, road or highway in the City and County of Honolulu, State of Hawaii.  Given the record in this case, there was substantial evidence as to every material element of the offense charged of sufficient quality and probative value to enable a person of reasonable caution to support Dickson's conviction for OVLSR-OVUII.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on January 17, 2019, in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED:  Honolulu, Hawaiʻi, January 25, 2021.


On the briefs:                    /s/ Lisa M. Ginoza
                                  Chief Judge
Jon N. Ikenaga,
Deputy Public Defender,           /s/ Katherine G. Leonard
for Defendant-Appellant.          Associate Judge

Sonja P. McCullen,                /s/ Karen T. Nakasone
Deputy Prosecuting Attorney,      Associate Judge
for Plaintiff-Appellee.